

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00223-CV

IN RE PAUL KANYUA MOCHE                                          RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

Relator Paul Kanyua Moche filed a petition for writ of mandamus on June 22, 2011, seeking to have this court order Respondent, the Honorable Mollee Westfall, to rule on his pending "Declaration Of Conflict Between Attorney And Client And Motion For Substitution Of Appointed Counsel" that was filed on May 2, 2011. We requested a response; while the petition for writ of mandamus was pending, Respondent held a hearing on Relator's motion and made an oral ruling, with Relator present, that there was no conflict and that substituted counsel would not be appointed. Thus, the relief sought by Relator through his

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

petition for writ of mandamus has already been achieved.[2] Accordingly, Relator's petition for writ of mandamus is denied as moot. *See In re Bell*, No. 06-04-00007-CV, 2004 WL 235052, at *1 (Tex. App.—Texarkana Feb. 10, 2004, orig. proceeding) (mem. op.) (holding that because trial court informed appellate court that court reporter had furnished copy of transcript to relator, relator's mandamus objective—to have trial court rule on his motion to compel court reporter to provide free transcript—had been achieved, and petition for writ of mandamus was denied as moot).

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: July 21, 2011

---

[2]Although no written, signed order appears in the record, we are confident that the trial court will reduce its oral pronouncement to writing within a reasonable time. *See generally* Tex. R. Civ. P. 306a(2) (stating that judges, attorneys, and clerks are directed to use their best efforts to cause all judgments, decisions, and order of any kind to be reduced to writing and signed by the trial judge).